**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAY 27 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NASIR MOHAMMAD-QASIM, <br><br> Petitioner, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 23-1821 <br><br> Agency No. <br> A079-855-879 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 14, 2025
Phoenix, Arizona

Before: RAWLINSON, BUMATAY, and SANCHEZ, Circuit Judges.

Nasir Mohammad Mohammad-Qasim (Mohammad-Qasim), a native and

citizen of Afghanistan, petitions for review of a decision by the Board of

Immigration Appeals (BIA) revoking a discretionary grant of asylum from an

Immigration Judge (IJ).  We deny the petition.

"[I]n an exercise of discretion related to an application for asylum, all

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

relevant favorable and adverse factors must be considered and weighed. . . ." *Gulla v. Gonzales*, 498 F.3d 911, 916 (9th Cir. 2007) (citation and internal quotation marks omitted). The BIA did so here. It acknowledged Mohammad-Qasim's family ties in the United States, compliance with court-ordered penalties and treatment, and the likelihood that he would face danger if returned to Afghanistan. Against these positive equities, the BIA weighed his "substantial" criminal history, including his 2013 misrepresentation to immigration authorities. The dissenting BIA judge referenced the IJ's "fulsome analysis of *all* the favorable and adverse factors in [Mohammad-Qasim's] case." It is reasonable to infer that the judges in the majority were similarly aware of *all* the factors analyzed by the IJ. Indeed, Mohammad-Qasim does not identify any specific factor that the BIA failed to consider. Thus, the record in this case supports the conclusion that the BIA "heard, considered, and decided" "all factors when weighing equities and denying relief." *Kalubi v. Ashcroft*, 364 F.3d 1134, 1140–41 (9th Cir. 2004) (citations omitted).

Nor did the BIA violate its precedent in *Matter of Pula*, 19 I.&N. Dec. 467 (BIA 1987), by not discussing in detail the effect of withholding of removal or protection under the Convention Against Torture (CAT). In any event, when a noncitizen has been granted withholding of removal, this protection "eliminates the chance of future persecution as [Mohammad-Qasim] cannot be returned to the

country from which he fled." *Kalubi*, 364 F.3d at 1141 (citation omitted). The BIA affirmed the IJ's decision granting withholding of removal and relief under CAT. Thus, the BIA did not abuse its discretion in concluding that the danger of persecution does not outweigh Mohammad-Qasim's negative equities. *See Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006), *as amended*.

**PETITION DENIED.**